## Burchell v. Hubbard, et al.

(Decided December 10, 1926.)

Appeal from Clay Circuit Court.

1. Elections—Evidence Held Insufficient to Show that Candidate for Sheriff Violated Corrupt Practice Act.—Evidence held insufficient to show violation of the Corrupt Practice Act (Ky. Stats., section 1565b-1 et seq.) by candidate for sheriff.

2. Elections—Evidence Held Insufficient to Show Such Fraud and Bribery in Election that Successful Candidate for Sheriff Could Not be Determined.—Evidence held insufficient to show such fraud and bribery in election that successful candidate for sheriff could not be determined, where, if all questioned votes were eliminated, one candidate would still have five times as many votes as the other.

A. D. HALL for appellant.

WM. LEWIS, W. E. BEGLEY, LEWIS, BEGLEY & LEWIS, ROY W. HOUSE and JOHN M. QUINN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

At the November election in 1925, T. B. Burchell, Millard Hubbard and A. H. Ledford were candidates for sheriff of Clay county, Burchell's name being printed on the ballot as the Democratic nominee, Hubbard's as an Independent candidate and Ledford's as the Republican nominee. Burchell received 325 votes, Hubbard 2,152, Ledford 2,108. The certificate of election was issued to Hubbard. Burchell filed this suit contesting the election on the ground that neither the name of Hubbard nor Ledford was properly printed on the ballot and that the corrupt practice act was violated by both Hubbard and Ledford in the bribery of many voters at the election. Ledford also filed his petition contesting the election of Hubbard, charging that Hubbard's name was not properly printed on the ballot as an independent candidate and that Hubbard had violated the corrupt practice act. The two actions were heard together in the circuit court. A large mass of proof was taken and, on final hearing, the circuit court adjudged that Hubbard was duly elected and dismissed both contests. From this judgment both Ledford and Burchell appealed and the two appeals have been heard together in this court.

On the appeal of Ledford in an opinion this day delivered it is held that Ledford's name was properly on the ballot and that Hubbard's name was not properly on the ballot; that his name not being properly on the ballot the votes cast for him cannot be counted and that Ledford received the majority of the legal votes cast at the election. These conclusions leave only for consideration on both appeals the question whether Ledford was guilty

of violating the corrupt practice act and whether there was such fraud and bribery in the election that it cannot be determined who was in fact elected.

There is no evidence in the record that Ledford himself violated the corrupt practice act. His testimony is clear and straightforward on this subject. The only evidence to the contrary is proof that certain men who had the reputation of using money in an election were very busy on the election day with certain other persons who had the reputation of being floaters or of selling their votes at elections; but there is nothing connecting Ledford with these men and it is shown that they were working either for the Republican ticket or the Independent ticket. There had been a very bitter primary election in August and as the result of the bad feeling following it an independent ticket for county officers was started. The amount of money used on either side is not so large as to charge Ledford with notice of what was going on, and in fact the money spent for the Republican ticket was not large enough to have influenced the result of the election in any degree between Ledford and Burchell. There was some voting on the table and there was also some small evidence of the purchase of votes both for Ledford and for Hubbard, but not by them or with their knowledge or procurement, and if we eliminate all the votes that are questioned in any way Ledford will have at least five times as many votes as Burchell. It cannot, therefore, be held that there was such fraud and bribery in the election that it cannot be determined who was elected.

The judgment of the trial court dismissing Burchell's action is affirmed. The whole court sitting.